1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCALS 302 AND 612 OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS
CONSTRUCTION INDUSTRY HEALTH
AND SECURITY FUND, et al.,

                  Plaintiffs,

    v.

KIMACO LLC, a Washington limited liability
corporation,

                  Defendant.

CASE NO. C07-0972MJP

ORDER GRANTING DEFENDANT'S
 MOTION TO DISMISS

This matter comes before the Court on Defendant's motion to dismiss.  (Dkt. No. 7.)
Defendant requests that the Court dismiss the above cause of action for lack of subject matter
jurisdiction and for failure to state a claim.  Plaintiffs oppose the motion.  (Dkt. No. 9.)  Having
considered the motion and response, and Defendant's reply (Dkt. No. 14.), all documents submitted in
support thereof and the record herein, the Court GRANTS the motion to dismiss.

**Background**

This case arises from a dispute over a trust fund audit.  The parties are aware of the facts
leading to this dispute; thus, the Court limits its recitation of the facts to those essential to the
resolution of this motion.

In March 2004, the parties executed a compliance agreement, which bound the parties to a
Collective Bargaining Agreement ("CBA") and to three International Union of Operating Engineers
Trust Fund Agreements (the "Trust Agreements").  The Trust Agreements created three separate trust

ORDER - 1

funds (collectively "Trust Funds" or "Trusts") for the purpose of providing benefits for employees. (Kafer Decl., Exs. C-E.)   Between 2004 and 2007, Kimaco made contributions to the Trust Funds on behalf of its employees.

The Trust Agreements require Kimaco to "promptly furnish ... information ... reasonably required for the purposes of administration of the Fund."  (Id., Ex. C, p. 25-26.)  Kimaco is also required to "use [its] best efforts to secure compliance with any reasonable request...for such information...."  (Id., p. 26.)  On February 23, 2007, Plaintiff Trusts requested that Kimaco undergo an audit.  Although the parties disagree as to the facts leading up to the audit, it is undisputed that an audit took place on September 15, 2007.  Nearly two months prior to the audit, the Trusts filed this action to compel Kimaco to undergo the audit.

Defendant Kimaco now moves for dismissal arguing that the Court lacks subject matter jurisdiction.  Alternatively, Kimaco argues that the Trusts fail to state a claim upon which relief can be granted and, even if the facts are sufficient, Kimaco should prevail as a matter of law because it did not refuse to undergo the audit. Plaintiffs argue that (1) the Court has jurisdiction over an expired CBA; and (2) a controversy exists and they suffered injury based on Kimaco's refusal to complete the audits promptly.  Plaintiffs also contend that if this Court converts this motion to a summary judgment motion, it should be denied because there is an issue of material fact as to whether Kimaco owes additional contributions.

**Discussion**

The party asserting jurisdiction has the burden of establishing federal subject matter jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In order for this Court to have subject matter jurisdiction, the claim must involve a live case or controversy.  U.S. Const., Art. III, § 2.  No "case" or "controversy" exists if the underlying question in the case is mooted by subsequent developments.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the compliant is

ORDER - 2

filed")  "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal quotations omitted).  The court must inquire whether changes in circumstances have eliminated any meaningful relief: "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available.  The question is whether there can be *any effective relief*." West v. Secretary of Dept. of Transp., 206 F.3d 920, 925 (9th Cir. 2000) (emphasis added; internal quotation omitted).

A party's voluntary cessation of the challenged conduct moots a case only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Adarand Constructors, Inc. v. Slater, 528 U.S. 216, 222 (2000).  The burden to show that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.  Id.

In this case, Kimaco's submission to the audit moots the controversy alleged in the Trusts' Complaint.  The Trusts sought (1) an order compelling the audit; (2) judgment for any contributions found to be owing; and (3) auditing expenses, costs, and attorneys' fees.  The Trusts argue that, although an audit has been conducted since they filed their complaint, the case is not moot because the audit is incomplete and Kimaco "may set up future roadblocks" as the audit continues.  (Plf.'s Resp. at 18.)  But the accusation that Kimaco "may set up roadblocks" to additional requests to complete the audit is not supported by the facts.  Indeed, the Trusts have conceded that Kimaco agreed to undergo previous audit requests and Kimaco has submitted to the Trusts' lastest audit request.

Moreover, the fact that Kimaco may owe past due contributions to the Trusts is insufficient to meet the "case or controversy" requirement.  The Trusts have offered no evidence or allegation that Kimaco failed to make any of the required contributions.  Federal courts have no power to render advisory opinions affecting a dispute that has not yet arisen.[1]  See Aetna Life Ins. Co. v. Haworth, 300

---

[1] Plaintiffs have not asked for leave to amend the Complaint to add an insufficient contribution claim.

ORDER - 3

U.S. 227, 240 (1937).  The same holds true for attorneys' fees, which are insufficient to create a case or controversy where none exists on the merits of the underlying claim.  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 107 (1998).  Because Defendant has undergone the audit that was the source of the controversy among the parties, the case is moot.

### Conclusion

Defendant's motion is GRANTED because the case is moot.  Because the Court concludes that a case or controversy does not exist, it need not consider Defendant's alternative arguments regarding the Court's jurisdiction under the expired collective bargaining agreement, Plaintiffs' standing, or whether Plaintiffs state a claim upon which relief can be granted.  The Clerk is directed to send copies of this order to all counsel of record.

DATED:  November 8, 2007.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4